Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3516 | **DATE** | 8/31/2001 |
| **CASE TITLE** | CSC Holdings Inc. vs. J.R.C. Products Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's petition for attorneys' fees and costs [119-1] is granted in part and denied in part. The law firm of Lefkowitz, Louis & Sullivan, LLP is awarded attorneys' fees in the amount of $209,334.80 and costs in the amount of $23,365.32. The law firm of Schiff Hardin & Waite is awarded attorneys' fees in the amount of $27,577.20 and costs in the amount of $4,221.14. Joseph Flaim is awarded costs in the amount of $43,799.31.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 0 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 143 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG 31 PM 3:28 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CSC HOLDINGS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| J.R.C. PRODUCTS INCORPORATED, OMEGA HOLDINGS, L.L.C., OMEGA OF ELGIN, INC., TELEVIEW INCORPORATED, TELEVIEW DISTRIBUTORS, INC., FRANK P. REDISI, JR., FRANK P. REDISI, SR., LANCE RENTLO, REC-TEC ELECTRONICS, INC., C&G ELECTRONICS, JAMES RECCHIA, FRANK RECCHIA, JOANN RECCHIA, ELISA RECCHIA, a/k/a LISA, ANTHONY RECCHIA, ROBERT RECCHIA, NORA VILLALOBOS, JOHN DOES 1-10, JANE DOES 1-10, UNIDENTIFIED CORPORATIONS 1-10 AND UNIDENTIFIED BUSINESS ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 99 C 3516<br><br>Judge Ruben Castillo<br><br>DOCKETED<br>SEP - 5 2001 |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on CSC Holdings, Inc.'s ("Cablevision") fee and costs application, under the Cable Communications Policy Act of 1984, 47 U.S.C. § 553, against seven business Defendants and nine individual Defendants (collectively "Defendants"). In the Court's memorandum and opinion dated March 29, 2001, we determined that "[a]n award of the reasonable attorneys' fees and expenses Cablevision incurred in investigating Defendants and prosecuting this action is warranted under the circumstances" and directed Cablevision to file an application for attorneys' fees and costs. *CSC Holdings, Inc. v. J.R.C. Prods. Inc.*, No. 99 C 3516, 2001 WL 315189, at *14 (N.D. Ill. Mar. 29, 2001). Under § 533, the Court may award

recovery of full costs, including reasonable attorneys' fees, to a prevailing aggrieved party. *Id.* (citations omitted). Full costs include recovery of investigative costs. *Id.* Courts enjoy wide discretion in determining the amount of attorneys' fees and costs to be awarded. *See Florin v. Nationsbank of Ga.*, 60 F.3d 1245, 1247 (7th Cir. 1995); *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 518, 519 (7th Cir. 1993). Cablevision's attorneys submitted a Memorandum Regarding Attorneys' Fees and Costs, (R. 119), and supporting affidavits from attorneys Daniel J. Lefkowitz and Ronald S. Safer, as well as from Cablevision's principal investigator, Joseph Flaim. Cablevision requests attorneys' fees of $296,266.75 ($261,726.50 for Lefkowitz, Louis & Sullivan, L.L.P. ("Lefkowitz") and $34,540.25 for Schiff Hardin & Waite ("Schiff Hardin") and costs of $74,211.13 ($23,481.28 for Lefkowitz, $5,435.54 for Schiff Hardin, and $45,294.31 for Flaim), for a total of $370,477.88. Defendants filed a response arguing that Cablevision's fee request should be rejected or significantly reduced.[1] For the reasons set forth below, we grant in part and deny in part Cablevision's request for attorneys' fees and costs. (R. 119-1.)

## I. ATTORNEYS' FEES

In determining the amount of attorneys' fees to award to counsel for the prevailing party, the burden is on the party seeking the award to substantiate the hours worked and the rate claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The starting point for calculating the appropriate amount of attorneys' fees to award a prevailing plaintiff is the "lodestar," as determined by "multiplying the number of hours reasonably expended on the litigation times a

---

[1] The Redisi Defendants, alone, filed this Response to Plaintiff's Memorandum Regarding Attorneys' Fees and Costs. Because the Recchia Defendants joined in the Redisi Defendants' Response, we will refer to the Redisi Defendants' response simply as "Defendants' Response" to reflect that it constitutes the response of all Defendants.

2

reasonable hourly rate." *Dunning v. Simmons Airlines, Inc.*, 62 F.3d 863, 872 (7th Cir. 1995) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). A reasonable hourly rate for use in the calculation of the lodestar figure is usually the market rate for the attorney's services, or "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *McNabola*, 10 F.3d at 519. The Seventh Circuit explained in *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (quotations omitted) that "the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate." Cablevision's counsel provided this Court with the hourly rates charged to Cablevision for each attorney working on the case, including any increases in billing rates that occurred during the course of the litigation. (R. 122, Safer Aff. Regarding Att'ys' Fees and Costs, Ex. A, Schiff Hardin Att'ys' Billing Rate Chart; R. 139, Pl.'s Reply Mem. In Further Support of Request for Att'ys' Fees Award, Ex. A, Lefkowitz Att'ys' Billing Rate Chart.) We find that the hourly rates submitted by Cablevision's attorneys are reasonable, and we will apply those rates in determining what attorneys' fees should be awarded in this case.

We do, however, point out that, in examining the billing rates and exhibits, this Court found a number of errors. To begin with, we cannot understand why, in Safer's Affidavit, three different totals are submitted for attorneys' fees owed to Schiff Hardin. Specifically, in ¶ 3 of his Affidavit, Safer attests that $34,471.50 is due the firm in attorneys' fees. However, in ¶ 5, the number changes to $34,540.25. Finally, in the attached Exhibit A, the number is listed as $34,490.25. Because Safer does not explain why there are three different amounts of total fees

requested for Schiff Hardin and because the individual billings listed in his affidavit add up to $34,471.50, we will use that number as a starting point.[2]

The Lefkowitz Affidavit also contains an error. The total billed for Jennifer L. Ploetz should be $10,212.50 and not $10,270.50, as listed in the Lefkowitz Affidavit ¶ 6 (*i.e.* 49.8 hours at an hourly rate of $125.00 + 27.5 hours at an hourly rate of $145.00). Thus, as a starting point, we will reduce the Lefkowitz firm's attorneys' fees by $58.00. We turn now to Defendants' specific objections to Cablevision's attorneys' fees request.

### A. Failure to Provide Required Information

First, Defendants argue that the billing records lack detail. Specifically, they assert that the billing records: (1) fail to adequately explain how attorney time was spent; (2) improperly lump multiple tasks together within a single block of time; (3) fail to identify which attorney performed certain work; (4) fail to provide the hourly rate charged for any particular billing record; and (5) fail to provide sufficient detail for fees requested by professionals hired by Cablevision. Although an attorney "is not required to record in great detail how each minute of his time was expended . . . counsel should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 436-37 n.12 (quoted in *Berberena v. Coler*, 753 F.2d 629, 634 (7th Cir. 1985)). In this case, we find that the billing entries, in numerous instances, do "lack[] the desired specificity for us to understand how the [party] spent its time and resources."

---

[2] We also note that there is a discrepancy between the total dollar amounts billed by Ronald Safer and Robert Rivkin listed in Safer's Affidavit at ¶ 4 and in the attached Exhibit A. However, because the mathematical calculations, as reflected in the Affidavit, are correct, we will assume that the numbers in Exhibit A are incorrect. In addition, the total amount listed for Michael Clooney in the Safer Affidavit should be $275.00 and not $275.50 (*i.e.* 5 hours at an hourly rate of $55.00).

4

*Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992). For example, the first daily time sheet submitted by the Lefkowitz firm contains the wholly unenlightening entry for 2.4 hours: "series of conferences w/ D. Powers and Frank Redisi re organization of meeting." (R. 119, Pl.'s Mem. Regarding Att'ys' Fees and Costs, Ex. A, Lefkowitz Firm Time Entries, May 3, 1999. *See also id.* at May 4, 6, 10, and 11, 1999.) In addition, some of the billing records fail to specify the time spent on discrete activities and instead improperly lump together multiple tasks. For example, one entry for 3.2 hours reads: "Preparation of TRO application; Conf. w/ S. D[illegible]; Conf w/ D. Powers." (R. 136, Defs.' Resp., Ex. 3, May 10, 1999 Daily Time Sheet.) Another entry for 5.25 hours states "Telephone conference with D. Lefkowitz and W. Louis re: strategy for hearing; reviewed affidavit of Michael Smith in preparation for hearing; dropped off exhibits and affidavits with Judge's clerk." (R. 122, Safer Aff., Ex. A, Schiff Hardin Firm Time Entries, Sept. 11, 2000.)

We find that Plaintiffs' counsel did not provide adequate documentation for all the hours it claims. Unfortunately, Defendants do not provide much assistance in the way of identifying all entries that are inadequate, instead choosing to point out only "representative examples." (R. 136, Defs.' Resp. at 4 n.4.) However, in this case, in which $296,266.75 in attorneys' fees is at stake, and Plaintiffs' counsel has provided a voluminous number of time sheets, most of which are handwritten, we need not go through each line item in order to determine what precise reduction in fees is appropriate. Instead, when, as in this case, "a fee petition is vague or inadequately documented," this Court "may either strike . . . problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage"). *Harper v. City of Chi. Heights*, 223 F.3d 593,

605 (7th Cir. 2000) (citations omitted). For these reasons and in the exercise of our discretion, we will reduce the attorneys' fee award by 15%. *See Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646, 658 (7th Cir. 1985) (holding that district court did not abuse its discretion in reducing the attorneys' fee award by 15% for vagueness).[3]

Finally, we decline to reduce the fees requested by professionals hired by Cablevision. Defendants, citing a single bankruptcy case, argue that "[t]he same level of detail that is required by attorneys to justify their fee requests also applies to professionals used by attorneys for whom fees are requested." (R. 136, Defs.' Resp. at 6 (citing *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987).) We find that the fees requested by Cablevision's hired third parties are adequately supported and are satisfied that those expenses were necessarily incurred for the investigation of Defendants' illegal activities.

## B. Excessive, Unnecessary and Duplicative Requests

Defendants next argue that Cablevision's attorneys staffed the case in an inefficient manner. Specifically, Defendants assert that: (1) two or more attorneys attended events that were capable of being handled by Cablevision's local counsel; and (2) the case was not difficult or complex, particularly for Plaintiff's New York counsel, who specialize in this type of lawsuit. Cablevision, not surprisingly, argues that the case was reasonably staffed. It asserts that because

---

[3] We decline to reduce attorneys' fees based on Defendants' argument that the billing records fail to identify which attorney performed certain work. Cablevision has made clear that the only attorney who did not uniformly put his initials at the top of each time sheet was Daniel Lefkowitz. Furthermore, we will not deduct fees based on Cablevision's alleged failure to provide the hourly rate charged for the billing records because Cablevision has submitted charts containing the hourly rates, by attorney and by year, including any increases in billing rates. (R. 122, Safer Aff., Ex. A, Schiff Hardin Billing Rates; R. 139, Pl.'s Reply, Ex. A, Lefkowitz Billing Rates.)

its "lead counsel is not based in Illinois, it was required to have local counsel present for each hearing, meaning that if lead counsel from New York attended, there had to be at least two attorneys present for Cablevision." (R. 139, Pl.'s Reply at 13.) Cablevision, however, cites no authority for the proposition that local counsel must be present for each hearing. In fact, the Local Rules of this Court make clear that local counsel is "not require[d] . . . to handle any substantive aspects of the litigation." Local Rule 83.15(c). Instead, the relevant local rule only requires that "[l]ocal counsel shall be responsible for receiving service of notices, pleadings, and other documents and promptly notifying the nonresident attorney of their receipt and contents." *Id.* Furthermore, Cablevision makes clear in its reply that local counsel lacked expertise in the area of Communications Act cases such as this one. (R. 139, Pl.'s Reply at 14.) Thus, we disagree with Plaintiff's counsel's staffing decision to have local counsel participate to the extent it did in this litigation, particularly when New York counsel also attended many of the hearings and court dates. For these reasons, we further reduce the attorneys' fees by 5% to reflect the excessive, unnecessary and duplicative hours expended by Plaintiff's two law firms.

## II. Costs

### A. Photocopies

Plaintiff requests $1,330.36 in photocopy fees. (R. 119, Pl.'s Mem. Regarding Att'ys' Fees and Costs, Ex. B, Cost Itemization for Lefkowitz Firm (Copy Fees ($115.96)); R. 122, Safer Aff., Ex. B, Schiff Hardin Firm's Cost Entries at 28 (Duplicating and Binding ($1,105.60) and Outside Duplicating and Binding ($108.80)).) To be recoverable, the copies must actually be prepared for use in presenting evidence to the court. *Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000) (citations omitted).

Copies of filings for a party's personal use, extra copies, and copies of cases are not recoverable. *Id.* (citing *Haroco, Inc. v. Am. Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (other citations omitted)).

In this case, the Court is unable to determine whether Plaintiff's copying costs are recoverable. Plaintiff has not provided the number of pages copied or a price per copy, which would enable this Court to evaluate the reasonable of the charges. Furthermore, Plaintiff has not provided what the purpose of the copies was, whether multiple copies were made of the same documents, or what documents were copied. In the absence of "reliable verification that the copying costs were necessary for presenting evidence to this [C]ourt," we decline to tax Plaintiff's copying costs. *Id.* (citations omitted). Thus, we will deduct photocopying fees from Cablevision's requested costs.

### B. Expenses for Corporate Representatives and Witnesses

Defendants next argue that Plaintiff is not entitled to $20,887.87 for costs incurred by Plaintiff's employees for investigation, preparation and prosecution on this case. Although Defendants recognize that many of these expenses were incurred for investigating their illegal activities and that § 533 supports reimbursing investigation costs, they argue, without citing any legal authority, that reimbursement should be limited to expenses incurred in hiring third parties or other professionals. Furthermore, caselaw makes clear that expenses of witnesses are recoverable. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 946 (7th Cir. 1997) (allowing travel costs for witnesses because the costs were reasonable and necessary). We find the witnesses' expenses to be reasonable and necessary, and we therefore allow those costs. Because

§ 533 makes clear that a prevailing aggrieved party may be awarded full costs, including recovery of investigative costs, we find that Plaintiff is entitled to the requested amount of $20,887.87.

### C. William Moylan Trial Testimony Fee

Plaintiff seeks $3,664.72 in fees and expenses for William Moylan's deposition and trial testimony. A prevailing party may be reimbursed $40.00 per day for each day a hearing or deposition witness is in attendance. 28 U.S.C. § 1821. In this case, Plaintiff's backup data for expenses related to Moylan's testimony indicates that he testified for a total of 4.5 days. Plaintiff, however, seeks $1,675 in witness fees for him. We decline to award such an exorbitant amount and, instead, will award only $180.00 (*i.e.* $40 times 4.5 days). The travel and lodging costs associated with Moylan's testimony, however, appear reasonable, and accordingly, we will allow $1,989.72 for those costs.

### D. Miscellaneous Expenses

Finally, Defendants argue that Plaintiff's miscellaneous expenses, including: (1) federal express charges; (2) travel and lodging; (3) legal research; (4) courier fees; (5) telephone charges; (6) filing fees; and (7) facsimile charges should not be reimbursed. Plaintiff, on the other hand, contends that these costs are properly recoverable as part of reasonable attorneys' fees. We agree with Plaintiff. The Seventh Circuit has held that reasonable attorneys' fees include "expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates," and includes "such things as postage, long-distance calls, xeroxing, travel, paralegals, and expert witnesses." *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984). *See Haroco*, 38 F.3d at 1440 (characterizing computerized legal research expenses as attorney's fees not costs); *Burda v. M. Ecker Co.*, 2 F.3d 769, 778 (7th Cir. 1993) (amounts spent

9

on filing fees, photocopying, postage, telephone and delivery charges, and computerized legal research are normally recoverable by a prevailing party). *See Nielsen v. Basit*, No. 83 C 1683, 1995 WL 33119, at *15 (N.D. Ill. Jan. 2, 1995) ("as long as Plaintiffs' attorneys normally bill their clients for such reasonable costs, they are entitled to recover them"). Thus, we find that these miscellaneous expenses are recoverable.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part Plaintiff's Petition for Attorneys' Fees and Costs. (R. 119-1.) We award $209,334.80 in attorneys' fees to the law firm of Lefkowitz, Louis & Sullivan, L.L.P. along with reasonable costs of $23,365.32. Furthermore, we award $27,577.20 in attorneys' fees to the law firm of Schiff Hardin & Waite as well as costs of $4,221.14. Finally, we award Joseph Flaim $43,799.31 in costs.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: **August 30, 2001**